UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In the Matter of: DOUGLAS RAY,

Debtor.

BATTLE GROUND PLAZA, LLC,

Appellant,

v.

DOUGLAS RAY, *et al.*,

Appellees.

Case No. C11-5112RBL

Bankr. Case No. 00-36568

ORDER GRANTING APPEAL FROM THE BANKRUPTCY COURT AND ORDERING THE PAYMENT OF RESTITUTION

THIS MATTER comes before the Court on an appeal filed by Battle Ground Plaza, LLC ("BGP") of an order from the United States Bankruptcy Court for the Western District of Washington. In that order, the bankruptcy court denied BGP's motion for restitution. BGP seeks an order remanding this matter back to the bankruptcy court with instructions to order restitution for BGP with prejudgment interest. For the reasons set forth below, the Court grants the appeal and orders the payment of restitution.

## I. FACTS

The background facts in this matter are set forth in *In re Ray*, 624 F.3d 1124 (9th Cir. 2010). This order will briefly summarize the relevant facts from that decision and subsequent

ORDER - 1

events.

Douglas M. Ray, the debtor, filed a Chapter 11 petition on August 10, 2000. At that time, Ray and Irwin P. Jessen ("Jessen") were co-owners of commercial real estate consisting of a shopping center commonly known as the Battle Ground Plaza Shopping Mall ("Battle Ground Mall"). In December 2000, Ray and Jessen (collectively, the "Sellers") entered into a purchase and sale agreement (the "Agreement") with BGP for the sale of the Battle Ground Mall. The Agreement gave BGP a right of first refusal for an undeveloped, one-half acre adjoining parcel (the "1/2-Acre Parcel") also owned by the Sellers.

Subsequently, the Sellers decided to jointly convey their interest in the 1/2-Acre Parcel and entered into an agreement to do so with Dean Maldonado ("Maldonado"). Jessen's attorney sent a letter to BGP, notifying it of the Sellers' intended sale of the 1/2-Acre Parcel. Rather than exercising or declining its first refusal rights, BGP claimed its rights were not ripe until the underlying sale of the Battle Ground Mall was closed.

Maldonado subsequently agreed to a reduction of the purchase price. Notified of the new purchase price, BGP gave notice of its intent to exercise its first refusal rights. Ray moved the bankruptcy court (with notice to BGP) to approve the sale of the 1/2-Acre Parcel to Maldonado. Following a hearing, the bankruptcy court approved the sale of the 1/2-Acre Parcel to Maldonado "'free and clear of all liens and encumbrances . . . including but not limited to the right of first refusal granted to [BGP].'" *In re Ray*, 624 F.3d at 1129 (quoting bankruptcy court order). The bankruptcy court found BGP's attempted exercise of its right of first refusal failed. Subsequently, the bankruptcy court denied BGP's motion for reconsideration. BGP failed to either appeal the sale order or seek a stay necessary to prevent a direct appeal from becoming moot. On December 29, 2005, the bankruptcy court issued a Final Decree closing the Chapter 11 Case.

BGP commenced a lawsuit in Clark County Superior Court (the "state court action") against the Sellers, Maldonado, and Maldonado's successor entities, alleging breach of its first

ORDER - 2

refusal rights, and seeking specific performance as well as damages and declaratory relief. BGP contended that the Sellers failed to advise BGP that they had executed an easement on the property. The state court "remanded" the action to the bankruptcy court, pending the bankruptcy court's determination that it retained jurisdiction. Under those circumstances and over BGP's objection, the bankruptcy court reopened Ray's case in January 2007. The bankruptcy court held a hearing and entered an order retaining jurisdiction over the breach of contract claims.

Jessen's estate sought summary judgment, claiming no disputed facts could show the Sellers had failed to provide BGP with sufficient notice of all conditions on which they would have sold the 1/2-Acre Parcel to Maldonado. The bankruptcy court granted summary judgment, reasoning that its previous orders approving the sale were final and not subject to collateral attack by BGP in state court, and, in any event, the Sellers complied with the terms of the right of first refusal. After the bankruptcy court denied its motion to reconsider, BGP appealed to the BAP. On December 31, 2008, the BAP affirmed the bankruptcy court's finding of jurisdiction.

BGP timely appealed to the Ninth Circuit. While its appeal was pending, BGP paid the attorney's fees judgment against it. The Ninth Circuit reversed the BAP's decision, concluding that the bankruptcy court lacked jurisdiction to resolve the parties' dispute. BGP subsequently filed a motion in the bankruptcy court for restitution to recover the funds it paid to satisfy the attorney's fees judgment. The bankruptcy court denied the motion without prejudice. Thereafter, BGP appealed that ruling to this Court pursuant to 28 U.S.C. § 158 and Fed. R. Bankr. P. 8001(e)(1).

**II. DISCUSSION**

As an initial matter, the parties dispute the applicable standard of review. Appellees argue that because restitution is an equitable remedy, the bankruptcy court's order denying that remedy is reviewed for abuse of discretion. [Brief of Appellees at p. 4] (citing, among other authorities, *Schroeder v. United States*, 569 F.3d 956, 961 (9th Cir. 2009)). While a court reviews a decision to grant or deny equitable relief under an abuse of discretion standard, in this

ORDER - 3

case, the bankruptcy court did not actually decide the issue. Instead, it "decline[d] to rule on this request and conclude[d] that the issue should instead be raised before the state court." *See* Transcript of Hearing (Dkt. #10) at p. 5.[1] In the absence of a ruling on the merits from the bankruptcy court, this Court reviews the issue *de novo*. It notes, however, that the outcome would not change under an abuse of discretion standard.

**A.     Restitution**

The Ninth Circuit has held on several occasions that a court must order restitution of funds obtained to satisfy a judgment that was later declared void. *In re Graziadei*, 32 F.3d 1408, 1411 (9th Cir. 1994); *Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir. 1985); *Belcastro v. Task Indus., Inc.*, 1999 U.S. App. LEXIS 10665 (9th Cir. 1999). In fact, in *In re Graziadei*, the court held that the lower court erred in declining to award restitution for funds paid pursuant to an order that was found void. 32 F.3d at 1410. The court explained, "When we hold an order void, we must, if requested undo the effect of that order and restore the parties to the *status quo ante*." *Id.* (citing *Watts*, 752 F.2d at 409-10).

Despite that authority, appellees argue that the Court should deny restitution as an equitable matter. However, the authority appellees cite in support of their position did not involve a void judgment. *See Atl. Coast Ry. Co. v. Florida*, 295 U.S. 301, 310 (1935) (analyzing an order that was voidable but not void); *Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust*, 824 F.2d 765, 767 (9th Cir. 1987) (involving a judgment that was reversed); Restatement of Restitution § 74 (addressing a judgment that is reversed or set aside). As set forth above, the Ninth Circuit has declared that the court must order restitution when the judgment has been declared void.

Appellees also argue that restitution is unwarranted until a court makes a final determination of the parties' rights. That argument, however, is inconsistent with the Ninth

---

[1] *See also id.* at p. 7 ("The 9th Circuit has directed this Court to dismiss this case based on lack of jurisdiction. This court is unwilling and likely unable to take any action beyond vacating the prior judgments and dismissing the case."); *id.* at p. 9.

1 Circuit authority set forth above. Moreover, to support the argument, appellees erroneously rely
2 on authority regarding the "prevailing party," which is an inquiry distinct from the issue of
3 restitution.

4 In addition to the fact that the prevailing party inquiry is legally distinct, it is also
5 factually inapplicable at this point. To support their contention that they are the prevailing
6 parties, appellees note that after the bankruptcy court ruled, the Clark County Superior Court
7 granted defendants'[2] motion for summary judgment, concluding that BGP's "claims were
8 extinguished" by the bankruptcy court's order approving the sale of the ½ Acre Parcel.
9 [Memorandum Opinion, Dkt. #12, at p. 3]. Because that document is a public record, the Court
10 granted appellees' motion to take judicial notice of it. However, the state court did not declare
11 appellees to be the prevailing parties, and it ruled on only one of BGP's two claims. The fact
12 that the state court has not declared that appellees are the prevailing parties undermines their
13 argument that an award of restitution would be inequitable. Accordingly, consistent with Ninth
14 Circuit authority, this Court reverses the decision of the bankruptcy court and orders appellees to
15 pay restitution in the amount that appellant has paid pursuant to the void judgment. In light of
16 the recent state court ruling and BGP's insolvency,[3] the bankruptcy court on remand may order
17 appellees to deposit the restitution funds and prejudgment interest into the Court's registry rather
18 than paying the funds directly to BGP. *See* Restatement of Restitution § 74, comment c.

19 **B.     Prejudgment Interest**

20 The Restatement of Restitution recognizes that if restitution is ordered, the recipient is
21 also entitled to an award of prejudgment interest. Restatement of Restitution § 74, comment d.
22 Furthermore, an award of prejudgment interest is warranted to undo the effects of the
23 erroneously entered judgment and to restore the parties to the *status quo ante*. *Cf. Graziadei*, 32

---

[2] Defendants in the state court action include the Sellers.

[3] BGP owns no tangible property, and its debt obligations exceed its assets. [Declaration of Bruce Feldman, Dkt. #7-1, at ¶ 3].

F.3d at 1410 (explaining the purpose behind restitution); *see also United States v. Cal. State Bd. of Equalization*, 650 F.2d 1127, 1132 (9th Cir. 1981) (explaining that prejudgment interest should be awarded when "necessary to make the wronged party whole"). The Ninth Circuit has explained that "money has a time value, and prejudgment interest is therefore necessary in the ordinary case to compensate a plaintiff fully for a loss suffered at time t and not compensated until t + 1. Moreover, prejudgment interest is a well-established remedy in this circuit." *Home Savings Bank v. Gillam*, 952 F.2d 1152, 1161 (9th Cir. 1991). As those authorities make clear, an award of prejudgment interest is necessary to restore BGP to its prior position and undo what it lost due to the faulty judgment.

Having found that prejudgment interest is warranted, the Court must determine when the interest should begin to accrue. BGP paid the judgment on June 22, 2010. Although appellees argue that interest should instead accrue from the date BGP demanded restitution, that position is unsupported legally and is at odds with the "make whole" purpose of restitution. Therefore, BGP is entitled to interest from the date it paid the erroneous judgment.

The Court must also calculate the appropriate rate of interest. Appellant argues that state law applies to that inquiry, and Washington law sets a maximum rate of twelve percent per annum. RCW 19.52.020. However, the "federal prejudgment interest rate applies to actions brought under federal statute, such as bankruptcy proceedings, unless the equities of the case require a different rate." *In re Banks*, 263 F.3d 862, 871 (9th Cir. 2001). In this case, the equities do not require a different rate. Even though the Ninth Circuit ultimately found that the bankruptcy court lacked jurisdiction, the erroneous judgments were entered in bankruptcy proceedings. Moreover, BGP's right to restitution arises not from its state law claim, but from federal law and equity. Therefore, on remand, when the bankruptcy court calculates prejudgment interest, it should use the federal rate.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS BGP's appeal, reverses the bankruptcy court's order denying restitution, and remands this matter to the bankruptcy court to

award restitution and pre-judgment interest. The Clerk of the Court is directed to send copies of this Order to all counsel of record and to the bankruptcy court.

**IT IS SO ORDERED.**

Dated this 12th day of October, 2011.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE